IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01471-LTB

MICHAEL RUDKIN,

    Plaintiff,

v.

DAVID ALLRED,
GREEN,
LOPEZ,
ANTHONY OSAGIE,
C.A. WILSON, and
BUREAU OF PRISONS,

    Defendants.

## ORDER GRANTING MOTION TO RECONSIDER

Plaintiff, Michael Rudkin, has filed *pro se* on July 25, 2012, a motion to reconsider (ECF No. 9) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on July 13, 2012.  The Court must construe the motion liberally because Mr. Rudkin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be granted.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiffs' motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Rudkin failed either to pay the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 within thirty days after being directed to cure this deficiency on June 7, 2012.  As noted above, the order dismissing this action was entered on July 13, 2012.  On July 16, 2012, the Court received from Mr. Rudkin the full $350.00 filing fee.  Attached to the motion to reconsider is a document that indicates $350.00 was deducted from Mr. Rudkin's prison account on July 2, 2012, to pay court fees.

Because the full filing fee has been paid and it appears that Mr. Rudkin made arrangements to pay the filing fee within the time allowed, the Court finds that the interests of justice would be served by vacating the order dismissing this action.  Therefore, the motion to reconsider will be granted.  The case will be returned to the Pro

Se Docket for review under § 1915(e)(2). Accordingly, it is

ORDERED that Plaintiff's motion to reconsider (ECF No. 9) filed on July 25, 2012, is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 4) and the Judgment (ECF No. 5) entered in this action on July 13, 2012, are VACATED. It is

FURTHER ORDERED that the clerk of the Court reinstate and return this action to the Pro Se Docket.

DATED at Denver, Colorado, this __10th__ day of _____August_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court