IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01471-BNB

MICHAEL RUDKIN,

    Plaintiff,

v.

DAVID ALLRED,
GREEN,
LOPEZ,
ANTHONY OSAGIE,
C.A. WILSON, and
BUREAU OF PRISONS,

    Defendants.

---

ORDER TO SEVER AND TRANSFER CLAIMS

---

    Plaintiff, Michael Rudkin, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Rudkin has filed *pro se* an amended Prisoner Complaint (ECF No. 15) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated.  He seeks damages as well as declaratory and injunctive relief.

    The Court must construe the amended Prisoner Complaint liberally because Mr. Rudkin is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons discussed below, Mr. Rudkin's claims against Defendants Green and Lopez will be severed from this action and transferred to the appropriate federal district court in Florida.

Mr. Rudkin claims in the amended Prisoner Complaint that his rights under the Eighth Amendment have been violated because prison medical officials have refused to authorize an MRI that Mr. Rudkin contends is necessary to diagnose and treat his shoulder and ankle injuries. The named Defendants include two individuals at a federal prison in Florida, three individuals at a federal prison in Colorado, and the BOP. With respect to the Florida Defendants, Defendants Green and Lopez, Mr. Rudkin alleges that they refused to authorize an MRI in June 2009 while Mr. Rudkin was incarcerated at a federal prison in Coleman, Florida, because an MRI would be too expensive. Mr. Rudkin alleges that the Colorado Defendants separately have refused to authorize an MRI at various times since March 2011 after he was transferred to a federal prison in Colorado. Other than the fact that Mr. Rudkin has been denied an MRI during his incarceration at federal prisons in both Florida and Colorado, he does not allege any connection between the Florida Defendants and the Colorado Defendants.

The Court has reviewed the amended Prisoner Complaint and finds that the District of Colorado is not the proper venue to adjudicate Mr. Rudkin's claims against the Florida Defendants. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Although Mr. Rudkin's claims against the Colorado Defendants properly are brought in the District of Colorado, his separate claims against the Florida Defendants may not be brought in Colorado because the Florida Defendants do not reside in Colorado and the events giving rise to Mr. Rudkin's separate claims against the Florida Defendants occurred in Florida.  Therefore, Mr. Rudkin's claims against the Florida Defendants properly are raised in an appropriate federal court in Florida.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that Mr. Rudkin's claims against the Florida Defendants could have been brought in a federal district court in Florida and that it would be in the interest of justice to transfer those claims to a federal district court in Florida rather than to dismiss those claims.  According to the BOP website, the judicial district in which the

Coleman Federal Correctional Complex is located is the Middle District of Florida. Therefore, Mr. Rudkin's claims against the Florida Defendants will be severed from this lawsuit and transferred to the United States District Court for the Middle District of Florida.  Accordingly, it is

ORDERED that Mr. Rudkin's claims against Defendants Green and Lopez are severed from this lawsuit and transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this   10th   day of    September    , 2012.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court