IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 12-cv-01471-CBS

MICHAEL RUDKIN,
    Plaintiff,
v.

DAVID ALLRED,
ANTHONY OSAGIE,
C.A. WILSON, and
BUREAU OF PRISONS,
    Defendants.

MEMORANDUM OPINION AND ORDER

This civil action comes before the court on Defendants' Motion to Dismiss (Doc. #35), filed on December 17, 2012. Plaintiff filed a Motion to Dismiss Defendant's Motion to Dismiss (hereinafter "Response") (Doc. #40). The Defendants have waived their reply. (Doc. #44). On February 26, 2013, this case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (Doc. #42). The court has carefully reviewed the motions, the related briefings and hearings, the entire case file, and the applicable law. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

    **I.**    **BACKGROUND**

Plaintiff, Michael Rudkin ("Mr. Rudkin"), is a federal inmate currently incarcerated at the Administrative Maximum penitentiary ("ADX") in Florence, Colorado. Mr. Rudkin brings this case pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, alleging a violation of his Eighth Amendment right to medical care while in the custody of the Bureau of Prisons. Defendants are the Bureau of Prisons, Dr. David Allred, Dr. C.A. Wilson, and Anthony Osagie, a physician's assistant. *See* Amended Complaint (Doc. #15) at 2-3. Mr. Rudkin alleges the Defendants

have not provided him with a Magnetic Resonance Imaging ("MRI") scan to evaluate and treat his shoulder and ankle pain. *Id*. at 3.  An MRI scan uses magnetic fields and radio wave pulses to create images of internal body structures that are not easily seen on x-rays, ultrasounds, or other diagnostic scans. MRI scans frequently are used to diagnose tumors, internal organ injuries, blood vessel diseases, problems with nerves and the nervous system, and other injuries or abnormalities of soft tissue structures. *See* http://www.webmd.com/a-to-z-guides/magnetic-resonance-imaging-mri.

Mr. Rudkin alleges that he "has a severely injured left and right shoulder of which all . . . defendants are aware and refuse to adequately test and treat." *See* Amended Complaint (Doc. #15) at 8. Plaintiff claims he has a joint injury in his ankle and a "rotator cuff area and adjacent ligament, tendons and muscle tissue" injury in both shoulders. *Id.* at 9.  Pain from Plaintiff's injuries causes him to stay awake at night, prevents him from moving without "acute pain," and prevents him from exercising. *Id.* (Doc. #15-1) at 1, 4. Mr. Rudkin concedes that Defendants provided him with pain medication, steroid injections, and allowed guards to use an extended chain when rear hand-cuffing Plaintiff, presumably to allow the extra slack to alleviate the stress on his shoulders.  *Id.* at 3, 9. However, he contends that the painkillers do not mitigate his pain, and that all Defendants have the authority to order an MRI scan, but refuse to do so based on cost and transportation logistics. *Id.* at 2, 4.

Mr. Rudkin claims that Defendants denied him specialized medical treatment, in the form of an MRI, in violation of his Eighth Amendment rights. *Id.* at 5. Mr. Rudkin also asserts a tort for medical malpractice under the Federal Tort Claims Act ("FTCA").  *Id.* at 4 (alleging jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. § 2674); *see also* Doc. #15-1 at 7 of 9.  Plaintiff's Response asserts that he filed numerous complaint forms (BP-"Internal Resolution Forms") within the prison attempting to get these issues addressed. *See* Response.

Plaintiff requests declaratory and injunctive relief, actual and compensatory damages, and punitive damages against all Defendants. *See* Amended Complaint (Doc. #15-1) at 6, and (Doc. #15-2)

at 6, 9. Plaintiff does not specify whether the suit is against the individual Defendants in their individual or official capacities; therefore, the court will assume he asserts both.

## II.     STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if it fails to allege sufficient facts to satisfy subject matter jurisdiction, or if the defendant challenges the facts underlying the complaint. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Although the United States has waived its sovereign immunity for torts committed by federal employees with the Federal Tort Claims Act ("FTCA"), the FTCA requires that a plaintiff first pursue all administrative remedies and if he or she fails to do so, the United States District Court loses jurisdiction. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) ("Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States… Bringing an administrative claim is a jurisdictional prerequisite to suit"). Here, Defendants allege that the court does not have jurisdiction over Plaintiff's FTCA claims, and ask the court to consider an affidavit from a prison official regarding Plaintiff's failure to exhaust administrative remedies without converting the Rule 12(b)(1) motion into one for summary judgment. *See* Motion to Dismiss, Doc. #35 at 4 of 20.

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pr. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Pro se complaints, however, are "liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers." *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1194 (D. Kan. 2008). A claim is considered plausible if there is sufficient

3

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949. Although the factual allegations must be sufficient to "raise a right to relief above the speculative level," a well-pleaded complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal" evidence that the facts alleged are true. *Id.* at 556.

### III. ANALYSIS

Plaintiff asserts a violation of his Eighth Amendment rights against the individual defendants, in their individual and official capacities, and a tort claim under the FTCA. The Tenth Circuit has specified that "the FTCA and a Bivens claim are alternative remedies." *Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citations omitted).

### A. FEDERAL TORT CLAIMS ACT

To the extent that Mr. Rudkin is asserting a tort claim for medical malpractice, that claim must be dismissed because he has not exhausted the procedural requirements of the FTCA.[1]

In order to bring suit against a federal official under the FTCA, the plaintiff must first exhaust all administrative remedies. 28 U.S.C. § 2675(a) (2012) (prohibiting an action against the United States District Court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered

---

[1] Plaintiff also failed to provide the certification required in a medical malpractice claim. Colo. Rev. Stat. § 13-20-602 (2012). This certification is required under Colorado state law, and without it, the Plaintiff's complaint may not go forward. *Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53-54 (10th Cir. 2003) (Plaintiff, *pro se* prisoner, asserted negligence under the FTCA for failure to obtain an MRI on his knee. Court held that "[w]hen a plaintiff brings suit against the United States under the FTCA, state substantive law applies. Colorado's requirement of this certificate …[is] substantive, rather than procedural. …Colorado law… therefore requires dismissal of his complaint.") (internal citations omitted).

mail."). The FTCA requires that a claimant first file a written statement "sufficiently describing the injury to enable the agency to begin its own investigation," along with a damages claim. *See* 28 U.S.C. § 2675(a). Therefore, the threshold issue in a tort claim under the FTCA is whether the plaintiff has satisfied the administrative notice requirement, which must be strictly construed and is not waivable. *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (citing *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (internal quotations omitted)).

Plaintiff's Amended Complaint does not adequately allege that he has filed an administrative complaint or that he has exhausted all administrative remedies available to him. To the extent the Plaintiff argues in his Response that he filed "BP" internal complaint forms, those forms do not adequately put the government on notice of his damages claim for purposes of the FTCA. *See McKinney v. United States*, 428 F. App'x 795, 798 (10th Cir. 2011) (in evaluating whether "BP" forms meet the administrative notice requirement, the Tenth Circuit concluded that the BP forms were insufficient to present the plaintiff's FTCA claims because they lacked "any request for 'damages in a sum certain.'"). Therefore, this court lacks jurisdiction over Plaintiff's FTCA claim because he has not exhausted his administrative remedies.  That claim for relief must be dismissed.

### B. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

Mr. Rudkin asserts that the individual Defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, because they denied him an MRI scan.

First, although the court assumes that Plaintiff has asserted a constitutional claim against Defendants in their individual and official capacities under *Bivens,* Plaintiff's claims against Defendants Allred, Osagie, and Wilson in their official capacities must be dismissed. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("*Bivens* claim lies against the federal official in his

individual capacity—not, as here, against officials in their official capacity"). Therefore, all claims against the individual Defendants in their official capacities must be dismissed.[2]

Prison officials are responsible for furnishing adequate food, clothing, appropriate shelter, and medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (affirming "the government's obligation to provide medical care for those whom it is punishing by incarceration."). An Eighth Amendment violation occurs if a prison official is deliberately indifferent to an inmate's serious medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The Tenth Circuit recognizes two types of conduct that will constitute deliberate indifference to a medical need: (1) where a medical professional fails "to treat a serious medical condition properly;" and (2) "when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel." *Id.* at 1211. A medical professional is generally not liable for the second type of violation unless that professional's role is "solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and…he delays or refuses to fulfill that gatekeeper role due to deliberate indifference." *Id.*; *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

To assert an Eighth Amendment violation, the alleged deprivation must first be objectively "sufficiently serious;" and second, the official must have subjectively acted with "deliberate indifference." *Farmer*, 511 U.S. at 825. A sufficiently serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (internal citations omitted). Therefore, actionable claims include situations where treatment is mandated but prison officials refuse to provide it, or where the need for additional medical treatment is clearly obvious. *See, e.g.*, *Oxendine v. Kaplan*, 241 F.3d 1272, 1278 (10th Cir. 2001) (Eighth Amendment violation when

---

[2] The court recognizes that a claim against the Federal Bureau of Prisons generally must be dismissed because of the United States' sovereign immunity to suit; however, Plaintiff's claim for injunctive relief is not barred. When a plaintiff alleges a claim under 5 U.S.C. § 702, sovereign immunity no longer bars suit because § 702 provides a limited waiver of immunity for claims "other than money damages." *Simmat*, 413 F.3d at 1238-39 (finding that the Bureau of Prisons is an agency subject to the waiver of sovereign immunity in § 702, and therefore sovereign immunity did not bar prisoner's Eighth Amendment claim for denying dental care). Plaintiff asserts jurisdiction under § 702, *see* Amended Complaint (Doc. #15) at 4. His claim for injunctive relief may go forward along with his claims against the Defendants in their individual capacity.

general prison doctor performed delicate re-attachment surgery of inmate's finger despite being unqualified to do so, ignored blatant signs of gangrenous infection including blackening tissue, and failed to refer inmate to surgical or infection specialist); *Sealock*, 218 F. 3d at 1208-09 (inmate complained of chest pains, nausea, and dizziness, and despite protocol and relatively simple tests that would confirm heart attack symptoms, healthcare professional sent the inmate back to his cell).

However, the inquiry into a potential Eighth Amendment violation does not end there; the prison official also must have subjectively acted with deliberate indifference. A prison official has the subjectively culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005); *Sealock*, 218 F.3d at 1209. To satisfy the subjective element, a plaintiff "must allege facts supporting an inference that Defendants knew about and disregarded a 'substantial risk of harm' to his health or safety." *Oxendine*, 241 F.3d at 1277.

This subjective component is not satisfied if a medical professional "merely exercises his considered medical judgment." *Self*, 439 F.3d at 1232. Matters within the scope of medical judgment include "whether to consult a specialist or undertake additional medical testing." *Id.* (Eighth Amendment is not violated "when a doctor simply resolves the question whether additional diagnostic techniques" are required). Further, "a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Absent evidence of recklessness, there is no deliberate indifference when a medical professional "orders treatment consistent with the symptoms …[and] continues to monitor the patient's condition." *Self*, 439 F.3d at 1232-33. Therefore, the deliberate indifference standard is higher than a negligence standard. *Id.* at 1230 (confirming that neither an "inadvertent failure to provide adequate medical care" or "a complaint that a physician has been negligent... state a valid claim of medical mistreatment under the Eighth Amendment."); *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Although higher than negligence, a plaintiff does not need to show an "express intent to harm." *See Ginest v. Bd. of Cnty. Comm'rs. of Carbon Cnty.*, 333 F. Supp. 2d 1190, 1197-98

(D. Wyo. 2004) ("Whether a prison official had the requisite knowledge …is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.").

Finally, a difference of opinion about the course of medical treatment will not constitute an Eighth Amendment violation. *Scott v. Gibson*, 37 F. App'x 422, 423 (10th Cir. 2002) (plaintiff's "assertions amounted only to a difference of opinion as to the need for medical …treatment or the adequacy of any treatment, [therefore] Defendants' acts did not constitute deliberate indifference"); *Self*, 439 F.3d at 1231 ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"); *Estelle*, 429 U.S. at 107 (plaintiff who "suggest[ed] a number of options that were not pursued," when he saw medical personnel on seventeen occasions and was given medication to treat his high blood pressure and back pain, did not state an Eighth Amendment claim for deliberate indifference).

At this early phase of the litigation, the court concludes that Mr. Rudkin has alleged enough facts to survive a motion to dismiss with respect to his Eighth Amendment claim. Plaintiff asserts "that [he] has a serious medical condition of significant internal and joint injuries including but not limited to rotator cuff area and adjacent ligaments, tendons, and muscle tissue to both his left and right shoulders." *See* Amended Complaint (Doc. #15) at 9. Based on Plaintiff's allegation of a specific joint injury accompanied by generalized pain, the court will assume that Plaintiff has asserted a medical condition that is "sufficiently serious" to satisfy the first prong of the Eighth Amendment test.

The closer issue concerns the subjective element of the Eighth Amendment standard. Although he concedes that Defendants treated him with pain medication and steroid injections and allowed extra slack during handcuffing, Mr. Rudkin insists that Defendants have been deliberately indifferent to his medical needs because they have not "adequately evaluate[d] the extent of [his] injuries" or the underlying cause of his pain. *See* Amended Complaint (Doc. #15) at 4. Notwithstanding his lack of medical training, Mr. Rudkin takes exception to the course of treatment provided by Defendants. *Compare Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (prisoner did not state Eighth

Amendment claim where he alleged prison doctors "refused to recognize or treat a sleepwalking disorder, posttraumatic stress disorder, anxiety, and certain lumps that he is convinced must be tumors" when nothing in his complaint "identifies …medical support for the existence of the disorders …[or describes] symptoms that would alert a lay person to the need for treatment."). Here, however, Mr. Rudkin alleges that Defendants' regime of pain medication and palliative care is wholly ineffective, yet Defendants will not provide an evaluation that might identify the cause of his ongoing pain. At this stage of the proceedings I must liberally construe Plaintiff's Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (although lower court found pro se prisoner's complaints to be "conclusory," Supreme Court reversed, noting that prisoner's claim that medical staff were "endangering [his] life" was sufficient to survive dismissal, and noting the need for liberal pleading was "even more pronounced in this particular case because petitioner [had] been proceeding, from the litigation's outset, without counsel."). While it strikes this court that "actual proof of [Plaintiff's claim] is improbable," skepticism alone will not justify dismissal.

Mr. Rudkin should be mindful, however, that to survive summary judgment, he must show more than a disagreement about his care. It is not a constitutional violation for a medical professional to exercise his or her medical judgment when prescribing a course of care, regardless of whether the plaintiff may agree with that care. *Scott*, 37 F. App'x at 423. Further, neither a medical decision whether to order further testing, nor a decision whether to order an x-ray or a similar test like an MRI scan, is an Eighth Amendment violation. *Self*, 439 F.3d at 1232; *Estelle*, 429 U.S. at 107. Plaintiff is reminded that although his Eighth Amendment claim has survived a motion to dismiss, merely stating a preference for an evaluative MRI will not suffice to establish that Defendants are deliberately indifferent to his medical needs.

## IV.     CONCLUSION

Defendant's Motion to Dismiss (Doc. #35) is **GRANTED** in part and **DENIED** in part. Plaintiff's tort claim brought pursuant to the Federal Tort Claims Act is dismissed. Plaintiff's Eighth Amendment claim brought pursuant to *Bivens* against Defendants in their official capacities is dismissed. This case shall proceed as to Plaintiff's Eighth Amendment claim against Defendants in their individual capacities.

A Preliminary Scheduling Conference is hereby set on Wednesday, June 5, 2013 at 9:00 a.m. in Courtroom A-402 before Magistrate Judge Craig B. Shaffer. Plaintiff and/or his case manager shall arrange for his participation via telephone and shall call (303) 844-2117 at the scheduled time. The parties need not comply with the requirements of Fed.R.Civ.P. 16 and D.C.ColoL.CivR. 16.2 and 26.1. The purpose of the initial conference is to consider the nature and status of the remaining claims, the timing for filing of any motions, and what discovery, if any, will be needed.

Dated at Denver, Colorado this 29th day of April, 2013.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge